**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jeremy DOAN, Defendant–Appellant.**

**No. 06–10182.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Jan. 22, 2007.

Michael Allen Lee, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gregory A. Bartolomei, Esq., Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM **

Jeremy Doan appeals the district court's denial of his motion to suppress ammunition—evidence that he claimed was the fruit of an unlawful stop and frisk. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Doan first argues that the district court erred by denying his request for an evidentiary hearing on his motion to suppress. We review the denial of an evidentiary hearing for an abuse of discretion. *United States v. DiCesare,* 765 F.2d 890, 895 (9th Cir.1985). Here, the district court did not abuse its discretion because Doan failed to allege a factual dispute with the requisite clarity or definiteness. *See United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."). Indeed, in Doan's reply memorandum, he stated "The government's response provides no new facts or law justifying [the] detention or search." While Doan did challenge the legal significance of certain facts, a district court need not hold an evidentiary hearing concerning solely legal issues. *See United States v. Mejia,* 953 F.2d 461, 467 (9th Cir.1991). Accordingly, the district court did not abuse its discretion in denying Doan's request for an evidentiary hearing.

■ Doan next argues that the district court improperly took judicial notice of facts alleged by the government in its response to his motion to suppress. However, the cases Doan submits in support of this position—*United States v. Mariscal,*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

285 F.3d 1127 (9th Cir.2002), and *United States v. Redondo–Lemos,* 27 F.3d 439 (9th Cir.1994)—are clearly distinguishable. In both cases, the district court itself supplied evidence; here the facts Doan challenges were presented by the *government,* not the court, and were never disputed by Doan. Thus, the district court did not take judicial notice of facts outside the record, and this claim lacks merit. *See, e.g., United States v. Villegas,* 388 F.3d 317, 324 (7th Cir.2004) (appropriate for district court to rely on facts proffered by government but not disputed by defendant).

■ Finally, Doan challenges the district court's denial of his motion to suppress on the merits, arguing that the officers violated his Fourth Amendment rights by detaining and frisking him after stopping a car in which he was a passenger.[1] "We review de novo the district court's denial of a motion to suppress evidence." *United States v. Fernandez–Castillo,* 324 F.3d 1114, 1117 (9th Cir.2003).

First, Doan argues that it was unreasonable for the police to continue to detain him after Sheri Copeland, the driver of the car, was arrested. However, this argument is foreclosed by *United States v. Vaughan,* 718 F.2d 332 (9th Cir.1983). In *Vaughan,* we held that when police officers arrest occupants of a car on warrants, they may detain other passengers while they search the arrestees and the "passenger compartment of the car." *Id.* at 335. Here, the officers arrested Copeland on a warrant, and accordingly, it was entirely appropriate for them to detain Doan while they searched the passenger compartment of the car.

■ Doan also argues it was unreasonable for the police to frisk him after they required him to exit the car to facilitate their searching it. However, the officers had reasonable suspicion that Doan may have been "armed and presently dangerous," *Terry v. Ohio,* 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), based on a variety of factors. First, the officers had observed Doan make several furtive movements during the stop. *See United States v. Taylor,* 716 F.2d 701, 709 (9th Cir.1983) (frisk of suspect was justified in part because suspect had made furtive movements in truck). Second, Doan had been in the presence of Copeland, whom the officers arrested pursuant to a warrant. *See Vaughan,* 718 F.2d at 335 & n. 6 (explaining that it was reasonable for officers to frisk defendant for weapons based solely on fact that he was removed from car upon arrest, pursuant to warrants, of two confederates). Third, the officers removed Doan from the car, which increased Doan's ability to attack an officer. Fourth, the stop occurred at night. *See United States v. Mattarolo,* 209 F.3d 1153, 1158 (9th Cir.2000) (emphasizing that patdown was justified, in part, because stop occurred at midnight rather than during daylight hours). These facts are sufficient to supply the officers with reasonable suspicion.

Doan also argues that his Fourth Amendment rights were violated when an officer opened a candy container that he discovered while frisking Doan. However, because Doan did not raise this argument before the district court, he has waived it on appeal. *See United States v. Murillo,* 288 F.3d 1126, 1135 (9th Cir.2002).

AFFIRMED.

■

---

1. The frisk disclosed a candy container, in which the officer discovered a hypodermic needle. The officer then arrested Doan for the needle (and for providing the officers with false information concerning his identity), and a search incident to the arrest revealed the ammunition.